UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TDK ACCOUNTING & TAX SERVICES, LLC                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:09cv563-DPJ-FKB

JPMORGAN CHASE BANK, N.A., ET AL.                                                    DEFENDANTS

**ORDER**

This contract dispute is before the Court on the motion to dismiss or, alternatively, transfer venue filed by JPMorgan Chase Bank, N.A. ("Chase") [5]. Plaintiff TDK Accounting & Tax Services, LLC, ("TDK") has responded in opposition. The Court, having fully considered the parties' submissions and the applicable authority, finds that Chase's motion to dismiss the entire case, and its motion to transfer venue should be denied, but its motion to dismiss Counts IV and VII should be granted.[1]

I.     Facts/Procedural History

TDK is a Mississippi LLC with its principal place of business in Mississippi. Chase is a national bank with its main office in Ohio. On or about October 28, 2008, TDK and Chase entered into a Tax Related Products Agreement (the "Agreement"). The Agreement included forum selection and choice of law provisions that are central to the present motion.

In general terms, the Agreement provided that Chase would underwrite certain Refund Anticipation Loans and Refund Anticipation Checks that were provided to TDK's customers upon TDK's preparation of their tax forms. The programs allowed the customers to obtain funds sooner than refund checks from the Internal Revenue Service. TDK alleges that Chase breached

---

[1]The Complaint contains two counts designated "Count VII." At issue here is the second Count VII, Negligent Supervision.

the Agreement by refusing to accept new applications and stopping payment on all uncashed checks in the customers' possession. It further contends that Chase informed TDK's customers that TDK was "a fraudulent business, that Chase had suspended its business relationship with TDK, and that the customers should not use TDK to prepare their tax forms." Compl. ¶ 26.

TDK commenced this proceeding by filing its Complaint in the Chancery Court of Hinds County, Mississippi, on June 15, 2009. In its Complaint, TDK alleges causes of action for (1) breach of contract, (2) breach of good faith and fair dealing, (3) breach of fiduciary duty, (4) damage to business reputation, (5) intentional interference with business, and (6) negligent supervision. TDK seeks monetary and injunctive relief. Chase timely removed the matter to this court and now seeks dismissal or transfer on the basis of improper venue. Having reviewed the notice of removal, the Court finds that it has subject matter and personal jurisdiction. The motion is ripe for consideration.

II.     Analysis

   A.     Motion to Dismiss Complaint

Chase comes out of the gate arguing that venue is improper in this district and division pursuant to 28 U.S.C. § 1391(a). TDK ignores the argument, but that alone does not entitle Chase to the relief it seeks. *See* Unif. Local R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive motion*, within the time allotted, the court may grant the motion as unopposed." (emphasis added)). Indeed Chase's reliance on § 1391 is misplaced because it is the general venue statute and does not apply in a removed action. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[Section] 1391 has no application to this case because this is a removed action."); Collin County v. Siemens Bus. Servs., Inc., 250 F. App'x 45,

51-52 (5th Cir. 2007) ("[S]ection 1441, and not section 1391, governs venue in removal cases."). Instead, the propriety of venue must be considered under 28 U.S.C. § 1441(a). *Polizzi*, 345 U.S. at 665; *Collin County*, 250 F. App'x at 52.

> Section 1441(a) states in relevant part as follows:
>
> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This matter was originally brought in the Chancery Court of Hinds County, Mississippi, which is found within the Jackson Division of the Southern District of Mississippi. Venue is therefore proper in this court. *See, e.g.*, *Ashton v. Knight Transp., Inc.*, No. 3:09-CV-0759-B, 2009 WL 2407829, at *3 (N.D. Tex. Aug. 6, 2009) ("Under § 1441, venue is proper where the state action is pending at the time of removal."); *see also Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001) ("For our purposes it [is] sufficient to recognize that, as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."). Thus, Defendant's motion to dismiss the Complaint must be denied, and the Court's attention turns to the motion to transfer venue.

B.  Motion to Transfer Venue

Title 28, United States Code, Section 1404(a) governs transfer. The statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute applies even when, as in this case, the parties have signed a forum selection clause. In *Stewart Organization, Inc. v. Ricoh Corp.*, the Supreme Court specifically addressed the issue,

holding that such clauses are but one factor to be considered under § 1404(a). 487 U.S. 22, 29-30 (1988). The court concluded that

> [a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus. . . . The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

*Id.*[2] Three subissues must be resolved before turning to the familiar public and private interest factors under § 1404(a) analysis: (1) whether the clause is enforceable; (2) if so, is it permissive or mandatory; and (3) the weight it must receive under the balancing test.

1. Enforcement of the Forum Selection and Choice of Law Provisions

The Agreement contains the following provision:

<u>Governing Law</u>. This agreement shall be governed and interpreted by the internal laws of the State of Ohio without reference to conflict of laws rules. Further, the parties consent to the jurisdiction of the State and Federal Courts located in the City of Columbus, County of Franklin, State of Ohio.

TDK claims that this provision is unenforceable. It further contends that the Court cannot, therefore, consider the forum selection clause under § 1404(a). Accordingly, the provision's validity is the first order of business. *See PHI, Inc. v. Rolls-Royce Corp.*, No. 08-1406, 2010 WL 883794, at *8 (W.D. La. Mar. 9, 2010) (considering the clause's validity before the § 1404(a) analysis).

---

[2]As discussed *infra*, it is important to note that the forum selection clause in *Stewart* was mandatory rather than permissive.

The validity of forum selection and choice of law clauses is decided under federal law, even in diversity cases.³ *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996).  Under federal law, such clauses are presumptively valid.  *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985)).

> The presumption of enforceability may be overcome, however, by a clear showing that the clause is "'unreasonable' under the circumstances."  *The Bremen*, 407 U.S. at 10, 92 S. Ct. at 1913.  Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Carnival Cruise Lines*, 499 U.S. at 595, 111 S. Ct. at 1528; *The Bremen*, 407 U.S. at 12-13, 15, 18, 92 S. Ct. at 1914-15, 1916, 1917.  The party resisting enforcement on these grounds bears a "heavy burden of proof." *The Bremen*, 407 U.S. at 17, 92 S. Ct. at 1917.

*Haynsworth*, 121 F.3d at 963.

In the present case, Plaintiff claims that the clause is part of a contract of adhesion and is otherwise substantively and procedurally unconscionable.  TDK first cites individual consumer cases where courts struck such provisions when the bargaining positions were disparate and the provisions were presented on a "take-it-or-leave-it" basis.  However, TDK is not an individual consumer, it is an accounting firm and a sophisticated business.  *See Int'l Software Sys., Inc.*, 77

---

³Although the Court reviews the validity of the clause under federal law, for which *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972) as been deemed instructive, the transfer issue is considered under the balancing test discussed in *Stewart*.  *See Int'l Software Sys., Inc. v. Amplicon, Inc*., 77 F.3d 112, 114-15 (5th Cir. 1996) (noting that *Stewart* balancing applies in a § 1404(a) motion to transfer venue).

F.3d at 116 (rejecting argument that forum selection provision between two sophisticated entities was unreasonable or otherwise invalid). Even if TDK was an individual, the argument is no more potent than the argument rejected by the Supreme Court in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (enforcing clause against individuals). Moreover, the provisions are less onerous than TDK suggests. As discussed in the next section, the forum selection clause is permissive and did not, therefore, limit TDK to filing suit in Ohio, deprive TDK of its day in court, or deny TDK a remedy. As for the procedural arguments, the clause was in the same size font as the other provisions, it was set off in a separate numbered paragraph, and it does not appear to have been otherwise hidden. There is nothing to suggest that a sophisticated business such as TDK was somehow forced or duped into signing the contract.

Finally, the enforcement of the clause would not contravene a strong public policy in the forum state. In fact, the result would be no different under Mississippi law. *See, e.g.*, *Tel-Com Mgmt., Inc. v. Waveland Resort Inns, Inc.*, 782 So. 2d 149, 150, 153 (Miss. 2001) (addressing validity of forum selection clause between two businesses and holding "Waveland cannot be excused from its contract because it just did not know about the forum selection clause. As a commercial entity, Waveland was expected to read and understand all clauses of a contract before signing."). Accordingly, the forum selection and choice of law clauses are valid.

        2.        Whether the Forum Selection Clause Is Mandatory or Permissive

Forum selection clauses are characterized as either mandatory or permissive. A leading treatise on the issue aptly describes the difference as follows:

> Permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere. . . . In contrast, mandatory forum selection clauses

> contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.

14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3803.1 (3d ed. 2009). According to the Fifth Circuit Court of Appeals, "[f]or a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must *clearly demonstrate* the parties' intent to make that jurisdiction *exclusive*." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (emphasis added).

The subject clause states as follows: "Further, the parties consent to the jurisdiction of the State and Federal Courts located in the City of Columbus, County of Franklin, State of Ohio." Nothing suggests that the courts of Ohio are exclusive. The clause is permissive.

    3.  The Weight of a Permissive Forum Selection Clause

There is some dispute as to the weight afforded a permissive forum selection clause. *Compare* GE *Capital Franchise Fin. Corp. v. Cosentino*, No. 08-CV-202S, 2009 WL 1812821, at *3 (W.D. N.Y. June 25, 2009) (citations omitted) ("In the context of a motion to transfer, permissive forum-selection clauses are entitled to less weight than mandatory forum-selection clauses, but permissive clauses still favor transfer." (citations omitted)) *with Flight Solutions, Inc. v. Club Air, Inc.*, No. 3:09-cv-1155, 2010 WL 276094, at *3 (M.D. Tenn. Jan. 14, 2010) (giving permissive clause little weight and collecting cases).

This Court agrees that less weight should be given a permissive forum selection clause because a mandatory clause has a greater impact on the interests of justice under § 1404(a). However, the Court rejects those cases that rigidly give such clauses little weight. *Stewart* calls for a "case-specific" review. 487 U.S. at 23. Depending on the case, a permissive forum

selection clause could impact the other factors the court must weigh. *See, e.g.*, *King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 649-650 (10th Cir. 2003) (remanding for consideration of permissive clause under § 1404(a), noting "the force of the forum-selection clause has been reduced, from prescriptive designation to permissive recognition of New Jersey venue, but the clause has not *disappeared*"); *Merchants & Farmers Bank v. Marquette Equip. Fin., LLC*, No. 1:09CV11, 2009 WL 2767678, at *3 (N.D. Miss. Aug. 27, 2009) (finding that permissive clause tipped the scale in favor of transfer).

    4.  Weighing the Section 1404(a) Factors

In *In re Volkswagen of America, Inc.*, the Fifth Circuit reexamined, *en banc*, the basis for transfer under § 1404(a). 545 F.3d 304 (5th Cir. 2008). The court first noted that the "preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. Here, the forum selection clause and 28 U.S.C. § 1391 provide a basis for an affirmative response.

Next, the court explained that the moving party bears the burden of showing "good cause" which

> means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.* at 315 (quoting 28 U.S.C. § 1404(a)). The decision to transfer a suit to a more convenient forum under § 1404(a) is left to the sound discretion of the trial court. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008). Finally, in determining whether or not to

8

transfer venue, there are "a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). Those factors will be addressed in turn.

        a.        Private Factors

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 340 n.8 (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986)).

First, the Court finds that the relative ease of access to sources of proof tends to weigh against transfer and is no better than neutral. Starting with documents, Defendant's affidavit establishes that relevant documents are found in Ohio. However, it also establishes that the relevant Ohio documents are already in Chase's possession, which allows ease of access regardless of forum. Conversely, Chase's notice of removal establishes that TDK is a Mississippi LLC whose sole member is a Mississippi resident. Its documentary evidence would be found in Mississippi. As for witnesses, Chase refers to the availability of non-party witnesses in Ohio, but all such witnesses reflected in Chase's submissions are actually employees or agents of Chase. As for TDK, one would expect its Mississippi employees and/or officers to likewise testify, but the Complaint also includes claims for which independent non-party testimony would be expected, such as the claim for damage to business reputation. TDK's damage case would be centered in Mississippi, the community in which the reputation was allegedly damaged.

9

Similarly, the Complaint is based largely on conversations between Chase and TDK's customers. Chase does not contend that these or any other non-Chase witnesses are found in Ohio.

Second, the availability of compulsory process to secure the attendance of witnesses does not favor transfer. Rule 45(b)(2) states that a subpoena may be served at any place: "(A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." Whether the trial is conducted in Ohio or Mississippi, certain witnesses will be beyond the Court's subpoena power for trial testimony. However, Chase's affidavit fails to identify any Ohio witnesses that are not affiliated with Chase. This weakens Chase's contention that it may be denied testimony from non-party witnesses. Moreover, Chase does not identify by name or number the Ohio witnesses it expects to testify. Conversely, an Ohio court would lack the power to subpoena TDK's customers or those who could testify regarding its reputation in this community. Chase has the burden on this issue, and its submissions are not sufficient to allow the Court to determine how many witnesses are found in Ohio versus Mississippi and the extent to which Chase would be unable to obtain their attendance.

Third, the cost of attendance for willing witnesses appears to be an equal burden on both parties. In *In re Volkswagen AG* (*Volkswagen I*), the court set a 100-mile threshold as follows: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d 201, 204-05 (5th Cir. 2004). Ohio and Mississippi are well more than 100 miles apart, and either venue will present substantial burdens for willing witnesses. Again though, Chase has identified only its own Ohio

10

employees and officers as residing in Ohio; this is not a situation where an independent third-party is being asked to travel from Ohio to Mississippi. In light of the previously discussed likelihood of Plaintiff's calling Mississippi witnesses, including non-party witnesses, Chase has not established that the cost factor favors transfer.

The fourth private factor sweepingly covers all other practical problems that make trial of a case easy, expeditious and inexpensive." Neither forum is ideal for both parties, and some inconvenience is unavoidable. Chase specifically references the fact that Ohio law applies as weighing in its favor on this factor. This consideration is discussed below and is not dispositive.

On whole, it appears that Ohio would be less convenient for TDK than Mississippi would be for Chase. Chase has failed to meet its burden of demonstrating that Ohio is clearly more convenient based on these private interest factors.

b. Public Factors

The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law." *Id.*

First, the parties generally agree that administrative difficulties flowing from court congestion are neutral. Second, the local interest in having localized controversies decided at home weighs against transfer. The parties are found in Ohio and Mississippi, but Chase does business in both states. The case emanates from an alleged breach of contract involving a Mississippi LLC that allegedly injured its reputation in this community and among its Mississippi customers. A local interest exists. Third, as discussed *supra*, Ohio law applies and

this factor favors transfer. However, the weight of the factor is not significant. *See Action Indus., Inc.*, 358 F.3d at 340 (affirming refusal to transfer and noting that defendant failed to "establish that the Mississippi district court was either unable or unwilling to apply Tennessee law"). Finally, the Court finds that the need to avoid unnecessary problems of conflict of laws or the application of foreign law is mitigated by the choice of law provision of the Agreement. Weighing all of this, the balance tips against transfer.

The permissive forum selection clauses does not change the result. The parties did not agree to exclusive jurisdiction in Ohio. TDK merely agreed that jurisdiction would exist in Ohio without impairing its right to bring suit elsewhere, including Mississippi. While the Court will give the clause some weight, it is insufficient to change the balance of the factors and satisfy the Defendant's burden of showing good cause to transfer the case to Ohio.[4]

C.     Motion to Dismiss Certain Claims

Defendant Chase alternatively moves for dismissal of the breach of good faith and fair dealing claim in Count IV and the negligent supervision claim filed in Count VII of Plaintiff's Complaint. These arguments have merit.

---

[4]Chase appropriately notes that TDK failed to offer any affidavits or other evidence to support its arguments. While that would have been helpful, several Fifth Circuit cases have rejected such arguments, even as to moving parties who bear the burden of proof. *See, e.g.*, *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 371-372 (5th Cir. 1992). In this case, Chase's evidence falls short, and when considered in light of the record, the Court possesses "'enough information to enable [it] to balance the parties' interests.'" *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)).

In considering a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

    1.    Good Faith and Fair Dealing

Counts I and III[5] of the Complaint assert causes of action for breach of contract. Count IV is a stand-alone count based on alleged breach of the duty of good faith and fair dealing. The issue is whether Ohio would recognize a separate claim for such a tort or whether the duties are part of the breach of contract claims. The Court finds that there is no separate cause of action for breach of the duty of good faith and fair dealing.

---

[5]The Complaint contains no "Count II."

In *Eggert Agency, Inc. v. NA Management Corp.*, the federal district court for the Southern District of Ohio summarized this issue. No. C2-07-1011, 2008 WL 3474148 (S.D. Ohio Aug. 12, 2008). Although unpublished, the reasoning is sound and will be repeated in full:

> [C]are must be taken to prevent the transmutation of every breach of contract into an independent tort action through the bootstrapping of the general principle of good faith and fair dealing. The duty to act in "good faith" is an implicit term of every contract, and cannot stand alone as a separate cause of action, independent of the underlying claim for breach. Moreover, a claim for breach of contract subsumes the accompanying claim for breach of the duty of good faith and fair dealing. Under Ohio law, when the parties have entered into a contract, no separate tort cause of action exists for breach of good faith apart from a breach of such contract.

*Id.* at *3 (internal quotation marks and citations omitted).

*Eggert Agency, Inc.* also distinguished TDK's only authority on this point, *Littlejohn v. Parrish*, 839 N.E.2d 49, 54 (Ohio Ct. App. 2005), noting that "*Littlejohn* is in accord with the prevailing view under Ohio law that the good-faith and fair-dealing requirement is part of the contract, not a separate tort claim." *Id.* at *4-5 ("Because a breach of contract claim subsumes a claim for breach of good faith and fair dealing, Count Two of the Plaintiffs' Complaint is dismissed."); *see also Douglas v. Ratliff*, No. C-1-09-60, 2009 WL 3378672, at *9 (S.D. Ohio Oct. 20, 2009) ("[A] party may not maintain a separate cause of action for a breach of the duty of good faith and fair dealing in addition to a breach of contract claim."). Accordingly, the breach of contract claims in Counts I and III of the Complaint subsume TDK's good faith and fair dealing theory, and Count IV is due to be dismissed with prejudice.

2. Negligent Supervision

Chase hinges its motion to dismiss the negligent supervision claim in Count VII on two arguments: (1) Ohio's economic loss doctrine precludes recovery; and (2) the claim has not been properly pled. Because the second argument prevails, the first will not be addressed.

Two somewhat recent cases from the United States Supreme Court have changed the landscape of Rule 12(b)(6). In *Twombly* and *Iqbal*, the Court rejected the once familiar standard that would preclude dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Now, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal*, the Court provided a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

In the present case TDK essentially concedes that its Complaint fails to meet these standards, but it asks the Court to withhold ruling on the motion until it can conduct discovery to determine whether such a claim can be made. In light of the response, the Court concludes that the motion should be granted. However, given the basis for this ruling, the dismissal will be

without prejudice to Plaintiff's right to seek leave to amended. *See Piotrowski v. City of Houston*, 51 F.3d 512, 518 n.14 (5th Cir. 1995).

III. Conclusion

For the reasons stated above, Defendant Chases's motion to dismiss the entire case is denied; its motion to transfer venue is denied; and its motion to dismiss Count IV and Count VII for negligent supervision is granted.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE